**John GOSA, for himself and for and on behalf of all persons similarly situated, Plaintiff-Appellant,**

v.

**SECURITIES INVESTMENT COMPANY, Long's Siding and Remodeling, Inc., et al., Defendant-Appellees.**

No. 71–2215
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

A. G. Seale, Frank J. Polozola, Seale, Smith, Baine & Phelps, William C. Kaufman, III, Baton Rouge, La., for plaintiff-appellant.

John S. White, Jr., Kennon, White & Odom, Baton Rouge, La., for Securities Inv. Co.

W. M. Stephenson, New Orleans, La., for Long's Siding & Remodeling, Inc.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant challenges the district court's interim refusal, *see* Fed.R.Civ.P. 23(c) (1), to permit his suit, which is allegedly based on securities fraud, to proceed as a class action. We have concluded that the district court's ruling is

not a final judgment under 28 U.S.C. § 1291 and dismiss for want of jurisdiction.

The question of the appealability of interim trial court rulings on whether suits are maintainable as class actions is a troublesome one that has not been definitively settled. Such rulings are seemingly interlocutory and thus subject to appeal only after the case has been decided on the merits. Courts have recognized, however, that dismissal of a suit as to the class asserted by the individual plaintiff may mean the "death knell" of the plaintiff's case, thus denying him his day in court. Dismissal of the class suit effectively terminates the litigation for the necessitous plaintiff whose individual claim is so small that no competent attorney would be likely to proceed with the case. The "death knell" concept is discussed fully in Korn v. Franchard Corp. (Milberg v. Western Pacific Railroad Co.), 2d Cir. 1971, 443 F.2d 1301; Green v. Wolf Corp., 2d Cir. 1968, 406 F.2d 291, cert. denied, Traster, Singer & Co. v. Green, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766; and Eisen v. Carlisle and Jacquelin, 2d Cir. 1966, 370 F.2d 119, cert. denied, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598, but has not yet been authoritatively ruled on by the Supreme Court.

In *Eisen* the plaintiff's individual claim was $70, in *Korn* $386, and in *Green* "less than $1,000." In these three cases, appeal of the interim ruling on the class action was permitted. On the other hand, in *Milberg* (a companion case to *Korn*), the Second Circuit found that a plaintiff with a claim of $8,500 had a claim substantial enough that he could feasibly litigate it individually and dismissed the appeal.

■■ In the instant case, plaintiff's individual claim is $3,322.20. Thus it is not a case, as *Eisen* or *Korn*, in which we should clearly accept jurisdiction under the "death knell" theory, or, as Caceres v. International Air Transport Assoc., 2d Cir. 1970, 422 F.2d 141 (plaintiff's claim $150,000), in which we should clearly deny jurisdiction. Each case of this type must depend on its own facts. The position of the case before us now, which falls in the financial middle ground, is doubly confounding because what is wholly a fact issue is presented to an appellate court without the benefit of any fact development on the very issues which would control "death knell" finality. We would have to engage in rank speculation if we were to undertake the determination of such matters as: how much expense should reasonably be anticipated in carrying the cause to completion; whether the degree of solvency of the named party would assure at least the payment of court costs and basic litigation expense; the likelihood of a recovery which would include attorneys fees, either directly or on a contingent basis; or the potential amounts of the claims of other class members.[1] In short, aside from knowing the dollar amount claimed, we have nothing on which to base our necessarily ad hoc determination.

■ If the plaintiff wished to assert that what was otherwise a purely interlocutory ruling was efficiently converted by the practical circumstances of the matter to an extinction of the very right to litigate, the plaintiff had the burden of developing these facts before the trial forum, which could afford an opportunity for adversary rebuttal and could enter findings and conclusions on

---

1. Appellant complains also of the district court's ruling that all discovery aimed at ferreting out class members must cease. We are cognizant of the dilemma in which this order places appellant. The trial court determined that the class action was improper because, among other things, appellant had not shown sufficient class members, but in the same order sharply limited appellant's search for further class members. We do not pass on this ruling because discovery orders are interlocutory and, with rare exceptions, not appealable as final judgments. Wright, Law of Federal Courts, 360 (2d ed. 1970).

this issue.[2] Such a post-ruling hearing eliminates the procedural deficiency of requiring this Court to speculate without the benefit of relevant record facts or a decision on the real issues presented.[3]

Dismissed for lack of jurisdiction.

2. Appellant implies that the district court failed to comply with Fed.R.Civ.P. 23(c) (1) in that it did not hold an evidentiary hearing on the class action question. Clearly 23(c) (1) does not specifically require a separate evidentiary hearing denominated as such. We believe the court did meet the requirements of the Rule. The attorneys for both sides argued the class action question before the trial judge who then orally announced his ruling and his reasons for so ruling. However, the Record indicates no attempt at this hearing by appellant to present evidence other than conclusory assertions on the inability of his client to proceed individually.

3. *See* Judge Friendly's concern, expressed in his concurring opinion in *Korn*, 443 F. 2d at 1307.