565 F.2d 874
 18 Fair Empl.Prac.Cas. 347, 15 Empl. Prac.
Dec. P 8037
Larry WILLIAMS et al., on behalf of themselves and all
others similarly situated, Plaintiffs-Appellees,
v.
The CITY OF NEW ORLEANS, LOUISIANA, a Municipal Corporation,
et al., Defendants-Appellants,
Saunders Chatman et al., Intervenors.
 No. 76-2057.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 4, 1978.
 
 Joel P. Loeffelholz, Asst. City Atty., Phillip S. Brooks, City Atty., Ralph D. Dwyer, Jr., New Orleans, La., for Civil Service Comn.
 Chas. E. Cotton, New Orleans, La., Jack Greenberg, O. Peter Sherwood, New York City, Michael G. Bagneris, New Orleans, La., Ulysses Gene Thibodeaux, Lake Charles, La., Barry L. Goldstein, New York City, for plaintiffs-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GOLDBERG, AINSWORTH and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue in this case is whether a district court order maintaining a suit as a class action, see Fed.R.Civ.P. 23(c), is final and therefore immediately appealable.
 
 
 2
 Plaintiffs in this action sued the City of New Orleans, the Mayor of New Orleans, the New Orleans Superintendent of Police, the New Orleans Civil Service Commission, and the members of the New Orleans Civil Service Commission, alleging racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 et seq. The district court maintained the suit as a class action. Defendants now appeal. We hold that the lower court order is not final within the meaning of 28 U.S.C. § 1291,[1] pertaining to appealability of final decisions of the district courts. See, e. g., Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Blackie v. Barrack, 9 Cir., 1975, 524 F.2d 891, 894-900, cert. denied, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976); Parkinson v. April Industries, Inc., 2 Cir., 1975, 520 F.2d 650, 659 (Friendly, J., concurring); Kohn v. Royall, Koegel & Wells, 2 Cir., 1974 496 F.2d 1094. See also Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 169-72, 94 S.Ct. 2140, 2148-50, 40 L.Ed.2d 732 (1974); Gillespie v. United States Steel Corp., 379 U.S. 148, 149-54, 85 S.Ct. 308, 309-12, 13 L.Ed.2d 199 (1964); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 543-47, 69 S.Ct. 1221, 1223-26, 93 L.Ed. 1528 (1949); Greenhouse v. Greco, 5 Cir., 1974, 496 F.2d 213; Gosa v. Securities Investment Co., 5 Cir., 1971, 449 F.2d 1330. Because the defendants have not complied with the provisions of 28 U.S.C. § 1292(b),[2] pertaining to interlocutory appeals, this appeal must be dismissed.
 
 
 3
 DISMISSED.
 
 
 
 [1]
 Section 1291 provides:
 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.
 
 
 [2]
 Section 1292(b) provides:
 When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.