LEMARCO, INC. *v.* Cammie WOOD, et al.

91-32                                804 S.W.2d 724

Supreme Court of Arkansas
Opinion delivered March 11, 1991

*Everett O. Martindale*, for appellant.

*Willard Proctor, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. The plaintiffs filed a complaint against defendant Lemarco, Inc., and against Donco Financial, Inc. The plaintiffs asked that the case be certified as a class action. After a hearing, the trial court granted the plaintiffs' motion to certify a class action against Lemarco, Inc., but denied their request with respect to Donco Financial, Inc. Lemarco, Inc., appeals from that ruling. There is no cross-appeal from the refusal to grant class certification against Donco Financial, Inc. Thus, the sole issue is whether the trial court abused its considerable discretion in certifying this case as a class action. We hold that the trial court did not abuse its discretion.

Lemarco, Inc. is a "private buyers club." Members are solicited with promises of prizes for attending sales presentations. The class certified by the trial court consists of those "who entered into retail installment membership contracts with Lemarco and have claims against Lemarco for fraud, false advertising, misrepresentation, breach of contract, and violations of the Arkansas Deceptive Trade Practices Act." In short, plaintiffs allege that Lemarco's offer of free gifts and its subsequent representations concerning the benefits of membership were part of a scheme to defraud the class members of their membership fees.

We recognized in *Int'l Union of Elec., Radio & Mach. Workers* v. *Hudson*, 295 Ark. 107, 747 S.W.2d 81 (1988), that our attempts to cling to a pre-ARCP Rule 23 tradition, which disfavored class actions, were inconsistent with the rule itself, and that the federal rule's spirit favoring class actions was also present in our rule. Further, we gave to the trial court broad discretion to decide whether to certify a case as a class action.

ARCP Rule 23 governs class actions in Arkansas, and the

requirements of both subsections (a) and (b) of that rule must be met in order to proceed as a class.

## Rule 23(a)

Subsection (a) of the Rule provides:

> (a) *Prerequisites to Class Action.* Where the question is one of a common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring all before the court within a reasonable time, one or more may sue or defend for the benefit of all.

In short, Rule 23(a) requires that the questions presented be of interest to many persons, or numerous parties, and that it be impractical to bring them all before the court within a reasonable time. *Cooper Communities, Inc.* v. *Sarver*, 288 Ark. 6, 701 S.W.2d 364 (1986). Plaintiffs presented the following testimony in support of class certification: a volunteer for "Seven On Your Side", a commercial television station's consumer assistance program, testified that they had received calls from approximately 500 persons who were expressing complaints about Lemarco's operations; an attorney with Central Arkansas Legal Services testified that office had twenty cases pending against Lemarco; and a member of the Abused Buyers Committee testified that it had a file of approximately 300 persons who had registered complaints against Lemarco. This amounts to over 800 persons interested in the questions raised by plaintiffs against Lemarco. Obviously, it would be impractical to bring that many persons before the court within a reasonable time. Accordingly, the trial court did not abuse its discretion in determining that the requirements of Rule 23(a) had been met.

## Rule 23(b)

Subsection (b) of the Rule provides in pertinent part:

> (b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other

available methods for the fair and efficient adjudication of the controversy.

As the reader can see from the rule, one of the requirements of Rule 23(b) is that the common questions of law or fact must predominate over the questions affecting only individual members of the class. Lemarco's president, Rusty Dorrell, testified that salesmen were trained by videotape, that they were instructed on what to say and how to make the sales presentations, and that the presentations were virtually the same each time. Further, the mail solicitation and the retail sales contracts were virtually the same for each member of the class. Accordingly, at a minimum, there are common questions of fact arising out of the sales training, the solicitation mailings, the sales presentations, the installment contracts, and appellant's intentions with regard to all of them. Those common questions would predominate over any questions affecting only individual members. See *Hudson*, 295 Ark. at 119-20. Accordingly, the trial court did not abuse its discretion in determining that appellees satisfied this requirement of Rule 23(b).

Rule 23(b) also requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. As we explained in *Hudson, supra*, by limiting the issues to be tried in a representative fashion to the ones that are common to all, the trial court can achieve real efficiency. As set out, there are several common questions of fact involved in this case. Even if the trial court eventually determines that the cases have to splinter with respect to some individual claims, efficiency would still have been achieved by resolving those common questions which predominate over individual questions. Finally, pursuing this case as a class action is fair to both sides. Lemarco can offer evidence concerning its sales training, solicitation mailings, sales presentations, installment contracts, and its intentions regarding all of them. It can also present individual defenses to the claims of individual class members, if necessary, once the common questions have been determined. A class action approach is also fair to the class members in that they probably would not sue if they could not do so as a class since it would not be economically feasible to do so. Consequently, the trial court did not abuse its discretion in determining that appellees satisfied this

final requirement of Rule 23(b).

Affirmed.