FARM BUREAU MUTUAL INSURANCE COMPANY
OF ARKANSAS, INC., and Southern Farm Bureau Casualty
Insurance Company *v.* FARM BUREAU POLICY
HOLDERS and Members, Dennis Lee,
Class Representative

95-402                                              918 S.W.2d 129

Supreme Court of Arkansas
Opinion delivered March 18, 1996

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Sam Laser*, for appellants.

*Gibson Law Office*, by: *C.S. "Chuck" Gibson, II*, and *Charles S. Gibson*, for appellees.

ROBERT H. DUDLEY, Justice. This is an interlocutory appeal from an order certifying a class action. *See* Ark. Sup. Ct. R. 1-2(a)(12); Ark. R. App. P. 2(a)(9); and Ark. R. Civ. P. 23. We affirm the order of certification.

Appellee Dennis Lee, the class representative, alleged in his complaint that appellants Farm Bureau Mutual Insurance Company of Arkansas, Inc., and Southern Farm Bureau Casualty Insurance Company, Inc., require all purchasers of their automobile insurance policies to pay $35.00 in annual membership dues to the Farm Bureau Federation. He alleged that after he paid the premium, but during the effective dates of the insurance contract, he was contacted by a representative of Farm Bureau who asked him to pay the membership fee and informed him

that his automobile insurance would be cancelled if he did not pay the fees. He pleaded that neither the application for insurance nor the policy specifies the premium, as required by statute; consequently, "the membership dues are invalid and further constitute a fraudulent inducement to contract." He prayed for reformation of his insurance contract, a declaratory judgment that "all such membership dues were wrongfully collected," and, because the companies "had been unjustly enriched," for a constructive trust to be placed on the corpus of the funds to be distributed to members of the class. He pleaded that the class is composed of insureds who have been, continue to be, and may in the future be adversely affected by the companies' charging membership dues, and that the numerosity requirement was met because the class consisted of more than 180,000 insureds.

The trial court ruled (1) the numerosity requirement was satisfied because the class totals over 180,000 people; (2) the commonality requirement was satisfied because the proposed class consists of "other insureds of these companies with similar type of insurance as Plaintiff Dennis Lee"; (3) the typicality requirement was satisfied because the insurance appellee had was typical of the type of automobile insurance of the other insureds of appellant; and (4) the adequate representation requirement was met because counsel for appellee "appear[ed] to be exerting maximum effort in behalf of his client" and had "diligently approached this case in a manner that more than meets the requirements of the law." In addition, the court found that the questions of law or fact common to all class members predominate over any questions affecting only individual members and that costs would be prohibitive for the case to be pursued individually; thus, it was the economically feasible approach. The trial court certified the class as (1) only those insureds that have had, during the last five years, automobile insurance with one or both the defendant companies and (2) any insureds who purchased automobile insurance in Arkansas from the defendant companies within the five years immediately preceding the filing of the action.

Separately, the companies moved for summary judgment on the ground that the applicable statutes allow insurance companies to charge membership dues. The trial court denied the motion for summary judgment because there are disputed issues

of material fact.

Appellant companies make a number of arguments that we do not address on appeal. In the arguments contained in their brief to this court, the companies contend that a plaintiff "individually must have a claim before he can seek certification of a class." From that premise, they make a number of arguments about appellee's lack of a cause of action. However, the premise is false, as the statement is an erroneous statement of the law.

■ Rule 23 of the Arkansas Rules of Civil Procedure, the Arkansas class-action rule as now revised, is comparable to Rule 23 of the Federal Rules of Civil Procedure. We have said that we will interpret Ark. R. Civ. P. 23 in the same manner the federal courts interpret the comparable Fed. R. Civ. P. 23. *Union Nat'l Bank* v. *Barnhart*, 308 Ark. 190, 823 S.W.2d 878 (1992). In *Eisen* v. *Carlisle & Jacquelin*, 417 U.S. 156 (1974), the Supreme Court held that a trial court does not have authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. *Id.* at 177-78. The Court opined that a preliminary hearing on the merits might substantially prejudice the parties, since it would be unaccompanied by traditional rules and procedures applicable in civil trials. *Id.* at 178. It said that the proper focus of the inquiry is not "whether the plaintiff or plaintiffs *have stated a cause of action or will prevail on the merits*, but rather whether the requirements of Rule 23 [of the Federal Rules of Civil Procedure] are met." *Id.* at 178 (quoting with approval *Miller* v. *Mackey Int'l, Inc.*, 452 F.2d 424, 427 (5th Cir. 1971)) (emphasis added).

■ In *Miller* v. *Mackey International, Inc.*, 452 F.2d 424 (5th. Cir. 1971), the case cited with approval in *Eisen* v. *Carlisle & Jacquelin*, the Fifth Circuit Court of Appeals reversed an order denying a class action because the district judge improperly considered the merits of the claim in passing on the class action request. *Id.* at 430. The court said that, for Rule 23 purposes, it is totally immaterial whether the petition will succeed on the merits or *even if it states a cause of action. Id.* at 427 and cases cited therein. It stressed that the propriety of a class action is "basically a procedural question." *Id.* We have specifically adopted the reasoning of *Eisen* v. *Carlisle & Jacque-*

*lin* and held that an order denying or granting class certification is separate from the merits of the case. *See Arkansas State Bd. of Educ.* v. *Magnolia Sch. Dist. No. 14,* 298 Ark. 603, 769 S.W.2d 419 (1989).

In oral argument to this court, the companies' counsel candidly admitted that the arguments in their brief were in error in asserting that they could delve into the merits of the claim, and they abandoned reliance on such a premise. Consequently, we do not address the companies' arguments that the trial court erred in denying summary judgment, or in finding that the complaint did not state a cause of action. Further, in oral argument, the companies' counsel forthrightly admitted that the trial court's certification of a class was proper for the claims alleging reformation [breach of contract] and declaratory judgment, but steadfastly contended that certification was improper for claims alleging fraud. Counsel contended in oral argument that tort claims involve different amounts of damage for each member of a class, and therefore tort claims should not be allowed in class actions. Counsel for the class responded by stating that damages will not vary: The damages are the same for all members—thirty-five dollars for each year the dues were paid. We do not address the companies' argument that allegations of fraud should not be certified since the argument was not made to the trial court.

The companies' only remaining challenge to class certification is that the action is lacking in commonality and in typicality. The standard of review for either the grant or denial of a certification of a class action is whether the trial court abused its discretion. *Arthur* v. *Zearley,* 320 Ark. 273, 895 S.W.2d 928 (1995); *LeMarco, Inc.* v. *Wood,* 305 Ark. 1, 804 S.W.2d 724 (1991). In the case at bar, the common question is whether the applicable statutes preclude the companies from requiring their insureds to pay membership dues to the Farm Bureau Federation. The trial court ruled that commonality of interests and common questions of law were present. The trial court found, in part:

> The record is abundant with exhibits that have been offered, that, on their face, tend rather strongly to support the argument that there are common questions of fact involved between [appellee], as a past insured of at least

one of the defendant companies and a past member of the Farm Bureau Federation, and other insureds of these companies with similar type of insurance as [appellee].

■ The testimony showed that, to secure auto insurance from one of the defendant companies, an insured must pay the membership dues to the Farm Bureau Federation. The trial court certified as a class "only those insureds that have had, during the last five years, automobile insurance with one or both of the defendant companies" and "any insureds who purchased automobile insurance from defendant companies during the past five years preceding this case." The trial court did not abuse its discretion in ruling on the commonality of interests; however, even if the trial court should eventually determine that the class should be splintered with respect to some individual claims, efficiency could still be achieved by resolving those common questions which predominate over individual questions. *See LeMarco, Inc.* v. *Wood*, 305 Ark. 1, 804 S.W.2d 724 (1991), and *International Union of Elec., Radio, & Mach. Workers* v. *Hudson*, 295 Ark. 107, 747 S.W.2d 81 (1988).

■ The companies also contest the trial court's ruling on the requirement of typicality. The trial court found that the plaintiff's automobile insurance policy and membership dues were typical of that of others who have auto insurance with the companies. In *Chequenet Systems, Inc.* v. *Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995), we said, even if allegations about injuries and damages are different, claims are typical when they "arise from the same wrong allegedly committed against the class." *Id.* at 749, 911 S.W.2d at 959. Here, the allegation is that dues were wrongfully collected by the companies. Therefore, even though some class members may collect more than others, the claims are still typical because they arise from the same alleged wrong. *See also Summons* v. *Missouri Pac. R.R.*, 306 Ark. 116, 813 S.W.2d 240 (1991) (quoting H. Newberg, *Class Actions*, § 3.13 (1985)). Thus, the trial court did not abuse its discretion in ruling on typicality.

712

Affirmed.

Special Chief Justice William Randal Wright and Special Justice Judy Simmons Henry join in this opinion.

JESSON, C.J., and GLAZE, J., not participating.