John Dan Kemp, Chief Justice, concurring in part and dissenting in part. I concur with the majority that the circuit court did not abuse its discretion in finding that the proposed class fulfilled the Rule 23 requirements of commonality, predominance, superiority, and typicality on Phillips’s breach of contract, Arkansas Deceptive Trade Practices Act, and unjust enrichment claims. See Ark. R. Civ. P. 23 (2016). I also concur with the majority that the circuit court did not abuse its discretion in defining the class. But I dissent from the majority’s holding that the circuit court abused its discretion in certifying the class action on Phillips’s negligence claim. In my view, the circuit court properly granted Phillips’s motion for class certification, without delving into the merits of each claim, based on the class-certification criteria set forth in Rule 23. For these reasons, I concur in part and dissent in part. When reviewing a circuit court’s class-certification order, we review the evidence contained in the record to determine whether it supports the circuit court’s decision. See Georgia-Pac. Corp. v. Carter, 371 Ark. 295, 265 S.W.3d 107 (2007). We have stated that |17the issue of whether to certify a class is not determined by whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. We have also observed that it is totally immaterial whether the petition will succeed on the merits or even if it states a cause of action. An order denying or granting class certification is separate from the merits of the case. Although we do not delve into the merits of the underlying claims in a potential class-action case, we will review the trial court’s order to determine whether the requirements of Rule 23 are satisfied. Am. Abstract & Title Co. v. Rice, 358 Ark. 1, 9, 186 S.W.3d 705, 710 (2004) (internal citations omitted). The overarching question relating to the entire class is whether Robinson chronically understaffed its facility in violation of the residents’ statutory and contractual rights. Here, the majority mistakenly delves into the merits of the underlying claims in the class-action case by certifying the class on all claims except negligence. This court has stated that a circuit court may not consider “whether the plaintiffs will ultimately prevail, or even whether they have a cause of action,” because “the propriety of a class action is ‘basically a procedural question.’ ” Fraley v. Williams Ford Tractor & Equip. Co., 339 Ark. 322, 335, 5 S.W.3d 423, 431 (1999) (quoting Farm Bureau Mut. Ins. Co. v. Farm Bureau Policy Holders & Members, 323 Ark. 706, 709, 918 S.W.2d 129, 130 (1996)). Thus, any underlying claims, such as negligence, are for the jury to decide at trial. Accordingly, I would hold that the circuit court properly granted Phillips’s motion for class- certification and would, affirm. Goodson and Wynne, JJ., join this opinion,