Frank P. **SAPIENZA** and Comprehensive Dental Services (Selden) P.C., Plaintiffs,

v.

Stuart S. **OSLEEB** and Selden Medical Arts Corporation, Defendants.

No. 81 Civ. 1413.

United States District Court, E.D. New York.

Nov. 18, 1982.

Miller, Montgomery, Sogi, Brady & Taft, New York City, for plaintiffs.

Abeles, Clark & Osterberg, New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This action was originally commenced on May 29, 1981; the amended complaint ("the complaint") was served on July 14, 1981. The complaint asserts five causes of action on behalf of plaintiffs Sapienza, a doctor of dentistry, and Comprehensive Dental Services ("CDS"), a professional corporation organized for the practice of dentistry in which Sapienza is the principal and majority stockholder. The defendants named are Stuart S. Osleeb, a doctor of dentistry, and Selden Medical Arts Corporation ("Selden"), a corporation in which Osleeb is the President and principal shareholder. The complaint recites the following relevant factual allegations.

On or about August 6, 1974, defendant Selden entered into a lease agreement with Doctors Leipsic and Berkowitz as lessees, for a portion of the first floor of the Selden Medical Center, a building owned by Selden. The lease commenced on September 1, 1974, and was to expire on August 31, 1989. One of the provisions of the lease provided as follows:

. . . . THE LESSEE SHALL HAVE THE RIGHT TO ASSIGN THIS LEASE TO ONE OR more general dentists, duly licensed to practice dentistry by the state of New York with the written consent of the landlord . . .

It is further agreed that neither the original tenant nor any assignee shall permit the premises to be used by other than general dentists and/or periodontists, and

that no oral surgeon or orthodontist shall engage in practice on the demised premises, unless and until the lessee or the assignee (as the case may be) shall have first contacted by registered mail return receipt requested any orthodontist or oral surgeon then practising at the medical center and offered to have the lessee's (or assignee's, as the case may be) patients treated by such specialists, at the lessee's then prevailing fee arrangement and practices at other locations, and the specialists shall have rejected such offer.

On or about February 7, 1975, Leispsic and Berkowitz entered into an agreement assigning their interests and rights as lessees to plaintiff Sapienza. One of the provisions of the assignment agreement provided as follows:

Frank P. Sapienza, D.D.S. shall carry on a general dentistry practice in accordance with the practice restrictions set forth in the lease.

\* \* \* \* \* \*

Frank P. Sapienza, D.D.S. will not engage, now or hereafter, in the practice of orthodontics at the demised premises nor shall any future partner, associate, employee, engage at any time in the practice of Orthodontia at the above mentioned premises.

Sapienza entered into possession of the premises and began to practice dentistry at that location.

In or about October 1977, Sapienza began to advertise CDS, a clinic providing dental services. At about the same time, defendant Osleeb solicited and obtained information from Sapienza concerning the nature of CDS's dental practice, and the methods and procedures by which it was organized and administered.

In or about March 1978, Osleeb, using the information obtained from Sapienza, opened a dental clinic in a building adjacent to the leased premises where CDS was operating. Osleeb's clinic was officially known as "Complete and Affordable Dental Services," but was referred to informally as "Complete Dental Services." The dental services offered were similar to those available at CDS.

On the basis of these essential facts, the complaint asserts five separate causes of action. The first cause of action is for trademark and tradename infringement. The complaint states that plaintiffs CDS and Sapienza had used the name "Comprehensive Dental Services," and the identifying mark "CDS," since at least October 1977, and that these designations had become associated by the public with the dental services offered by CDS. The complaint alleges that the intent and effect of defendant Osleeb's use of the name "Complete Dental Services" was to appropriate the good will and reputation of plaintiff CDS, and to confuse and deceive members of the public into believing that they were receiving the services of plaintiff CDS when they entered defendant Osleeb's clinic.

The second cause of action of the complaint alleges that these actions of the defendants constitute unfair competition.

The third cause of action is for constructive eviction. The complaint alleges that the actions of the defendants deprived the plaintiffs of the beneficial enjoyment of the leased premises, and thus forced the plaintiffs to abandon the premises in or about September 1979.

The fourth cause of action is brought under § 1 of the Sherman Act, 15 U.S.C. § 1. The complaint alleges that the above quoted restriction contained in the lease assigned to plaintiff Sapienza, as well as the above quoted prohibition contained in the assignment agreement, "constitute an illegal horizontal market division, or an illegal contract, combination or conspiracy to allocate and divide customers." Complaint ¶ 30. The complaint asserts that this market division or allocation involved a conspiracy between the defendant and "Leipsic, Berkowitz, Sapienza and ... other tenants of [Selden Medical Center] whose specific identities are unknown to plaintiffs, but who, on information and belief, are parties to an agreement imposing the same restrictions as are imposed on plaintiffs." Complaint ¶ 31. The complaint alleges that as a

consequence of these illegal acts, plaintiffs have suffered substantial injury to their business.

The fifth and final cause of action is also brought under § 1 of the Sherman Act. The complaint alleges that the "purpose and effect of defendant's illegal horizontal market division or conspiracy to allocate and divide customers . . . was and is to fix, stabilize, maintain or tamper with the prices to the public of both orthodontic and general dental services." Complaint ¶ 34. The complaint asserts that as a result of this price fixing conspiracy, plaintiffs have suffered substantial injury to their business.

Federal jurisdiction over the action is predicated on the fourth and fifth counts of the complaint, which allege a violation of the federal antitrust laws. The first three counts of the complaint, involving actions for trademark infringement, unfair competition and constructive eviction, are brought pursuant to the court's pendent jurisdiction.

Prior to answering, the defendants have moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint for failure to state a claim upon which relief can be granted. The defendants' argument is twofold. First, the defendants assert that the fourth and fifth counts of the complaint should be dismissed because they fail to state a claim under the antitrust laws. Second, the defendants argue that once these counts are dismissed, the Court will have no basis for exercising pendent jurisdiction over the first three counts, and thus the complaint should be dismissed in its entirety.[1]

The motion of the defendants was referred originally to Magistrate Jordan for a Report and Recommendation. The Magistrate concluded that the fourth and fifth counts of the complaint failed to state a claim, and thus that the entire complaint should be dismissed. Because all aspects of the Magistrate's report have been timely objected to, this Court must make a *de novo* determination of the defendants' motion. 28 U.S.C. § 636.

The defendants assert various grounds as to why the fourth and fifth counts of the complaint fail to state a claim upon which relief can be granted. Because this Court finds that the plaintiffs' antitrust causes of action are barred by the statute of limitations, the other grounds asserted by the defendants in support of their motion for dismissal need not be reached.

*Statute of limitations*

Although Fed.R.Civ.P. 12 does not expressly provide that a statute of limitations defense may be raised in a pre-answer motion, the vast weight of authority supports the proposition that such a motion is permissible so long as the statutory bar can be gleaned from the face of the complaint. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982); *London v. Coopers and Lybrand,* 644 F.2d 811, 816 n. 1 (9th Cir.1981); *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 (10th Cir. 1980); *Guy v. Swit and Co.,* 612 F.2d 383, 385 (8th Cir.1980); *Leone v. Aetna Casualty & Surety Co.,* 599 F.2d 566, 567 (3d Cir. 1979); *Neel v. Rehberg,* 577 F.2d 262, 264 (5th Cir.1978); *Rauch v. Day and Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1978); *Hitchcock v. deBruyne,* 377 F.Supp. 1403, 1404 (D.Conn.1974) (Newman, J.); 5 Wright & Miller, *Federal Practice and Procedure,* §§ 1308 and 1357 (1979); *2A Moore's Federal Practice* ¶ 12.10, pp. 2314–16 (1975). The question here, therefore, is whether the allegations of the complaint, read with the required liberality, indicate that the plaintiffs' antitrust causes of action are time barred. *See, e.g., Leone v. Aetna Casualty & Surety Co.,* 599 F.2d 566, 567 (3d Cir.1979) ("the question to be answered thus becomes whether the assertions of the complaint, given the required broad sweep, would permit adduction of proofs that would provide a recognized legal basis for avoiding the statutory bar").

---

1. Plaintiffs argue in the alternative that the first three counts of the complaint fail to state a claim upon which relief can be granted.

The relevant statute of limitations is Section 4B of the Clayton Act, 15 U.S.C. § 15b, which provides that any action to recover treble damages in a private antitrust action must be commenced within four years after the cause of action has accrued. The defendants argue that the antitrust causes of action asserted here accrued in February 1975, when plaintiff Sapienza became a party to both the lease and assignment agreements. Since the action was not brought until over six years later, the defendants maintain that the suit is time barred.·

The plaintiffs seek to avoid the statutory bar by arguing that the complaint states facts sufficient to allege continuing conspiracies to violate the antitrust laws, which conspiracies caused injury to plaintiffs at least through September 1979 when they abandoned the leased premises. The plaintiffs contend that a cause of action continually accrues throughout the period when a plaintiff is injured by an illegal combination.

The general rule regarding the accrual of an antitrust cause of action was restated by the Supreme Court in *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1970):

> "The basic rule is that damages are recoverable under the federal antitrust acts only if suit therefor is 'commenced within four years after the cause of action accrued,' 15 U.S.C. § 15b, plus any additional number of years during which the statute of limitations was tolled. Generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business .... In the context of a continuing conspiracy to violate the antitrust laws, ... this has usually been understood to mean that each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to those damages, the statute of limitations runs from the commission of the act."

*Id.* at 338, 91 S.Ct. at 806 (citations omitted).

As can be seen from the Supreme Court's language in *Zenith,* the controlling event for purposes of determining when an antitrust cause of action accrues is not as the plaintiff argues when injury is suffered, but rather when an injurious act is performed. Various other cases support this reading of *Zenith.*

In *Woodbridge Plastics, Inc. v. Borden, Inc.,* 473 F.Supp. 218 (S.D.N.Y.1979), aff'd, 614 F.2d 1293 (2d Cir.1979), plaintiff sought to recover for alleged antitrust violations arising from an agreement between one of its customers and one of its suppliers, providing that the customer would purchase directly from the supplier and not from the plaintiff. The alleged agreement had been entered into in July of 1974, but the complaint had not been filed until November of 1978. In dismissing the complaint on statute of limitations grounds, the district court observed: "We must determine whether [plaintiff] was harmed by any act of any defendant occurring after November 28, 1974, that is, within the four-year period preceding the commencement of this suit. We conclude that plaintiff was not harmed by any such act .... As the complaint makes clear, all of the injury to plaintiff was caused by [the defendants] July 1974 agreement." *Id.* at 221.

The requirement of an injurious act committed within the limitations period was also noted by the Ninth Circuit in *In Re Multidistrict Vehicle Air Pollution,* 591 F.2d 68 (9th Cir.), cert. denied, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979). In that case the plaintiff alleged that the defendants had conspired to restrain trade by agreeing not to purchase the plaintiff's products. The alleged agreement had been entered into more than four years prior to the commencement of the action, and for this reason the Ninth Circuit found it to be time-barred, stating: "[Plaintiff] can recover only for damages caused by forbidden 'overt acts' of the conspirators within the limitation period. In this case we find the undisputed record indicates that [defendants'] decisions not to purchase [plaintiff's product] were final prior to ·[four years before suit was commenced] .... No for-

bidden 'overt acts' occurred thereafter; [defendants] merely supplied their needs from sources other than [plaintiff]." *Id.* at 71. *See also Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045 (5th Cir.1982) (plaintiff must establish injurious act performed within the statutory period causing antitrust injury); *Program Engineering, Inc. v. Triangle Publications, Inc.,* 634 F.2d 1188, 1194 (9th Cir. 1980) (plaintiff must allege acts committed within statutory period); *Poster Exchange, Inc. v. National Screen Service Corp.,* 517 F.2d 129, 131–32 (5th Cir.1975) (plaintiff must "point to some act committed during the four years prior to the filing of ... suit"); *Bass v. Boston Five Cent Savings Bank,* 478 F.Supp. 741, 747 (D.Mass.1979).

■ Applying this rule of law to the plaintiffs' complaint here, this Court concludes that the action is time-barred. Although the complaint can be read as alleging injury through at least September 1979, when the plaintiffs abandoned the leased premises, no illegal acts within the statutory period are alleged. In fact, the only illegal conduct pleaded in the complaint are the acts of entering into the allegedly unlawful agreement in August of 1974, and entering into the assignment agreement in February of 1975. Although a complaint may be dismissed under Rule 12(b)(6) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,"

*Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), in the absence of an allegation of any injurious act in furtherance of the allegedly unlawful conspiracy performed within four years of the filing of the complaint, this Court must conclude that the plaintiffs here cannot avoid the statutory bar. *See Kincheloe v. Farmer,* 214 F.2d 604 (7th Cir.1954); *Stewart Coach Industries, Inc. v. Moore,* 512 F.Supp. 879, 886 (S.D. Ohio 1981).[2] Counts four and five of the complaint are therefore dismissed.[3]

*Pendent claims*

■ Having concluded that the fourth and fifth counts of the complaint should be dismissed, the Court must also dismiss the first three counts of the complaint because they are predicated solely on the Court's pendent jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In this regard it should be noted that even if the fourth and fifth counts of the complaint had not been dismissed, this Court would not have exercised pendent jurisdiction over counts one through three.

■ Pendent jurisdiction may be exercised as a matter of discretion when "state and federal claims ... derive from a common nucleus of operative fact." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. In the instant case, the first three counts of the complaint relate solely to the defendants' act of open-

**2.** Because it is possible that the defendants have committed overt acts within the statutory period which the plaintiffs have failed to plead as yet, and bearing in mind that a complaint should be dismissed only if it appears "to a certainty" that the plaintiff is entitled to no relief, the complaint here is dismissed without prejudice to the filing of an amended complaint consistent with this opinion within thirty days. Should such an amended complaint be filed, the defendants may reassert their alternative arguments for dismissal.

**3.** As a final matter, it should be noted that the plaintiffs here have argued in the alternative that their antitrust causes of action could not have accrued at the time of the assignment of the lease because their damages at that point were purely speculative. Plaintiffs rely in this regard on that portion of the *Zenith* opinion

wherein the Supreme Court held that a plaintiff is an antitrust action may recover for damages occurring within the statutory period that are the result of acts performed prior to that period if, at the time of the conduct, those damages were speculative or otherwise incapable of proof. *See Zenith,* 401 U.S. at 339–42, 91 S.Ct. at 806–808. Neither the plaintiffs' complaint nor their memorandum, however, indicate any reason why the plaintiffs' damages were too speculative at the time the agreement was entered into, or for what reason they have become provable since that time. Thus, this argument provides no ground for avoiding the statutory bar on the basis of the current complaint. *See Fontana Aviation, Inc. v. Baldinelli,* 418 F.Supp. 464 (W.D.Mich.1976), *aff'd per curiam,* 575 F.2d 1194 (6th Cir.), *cert. denied,* 439 U.S. 911, 99 S.Ct. 281, 58 L.Ed.2d 257 (1978).

ing a dental clinic that competed with the plaintiffs. These counts are entirely independent from the fourth and fifth counts of the complaint, which concern the lease restrictions imposed on the plaintiffs. Mere identity of parties is not sufficient to invoke the Court's pendent jurisdiction. *See id.* Because of the lack of a sufficient nexus between the federal and pendent claims here, the pendent claims would have been dismissed even if the federal claims had withstood the defendants' motion to dismiss.[4]

For the foregoing reasons, the plaintiffs' complaint is dismissed in its entirety.

SO ORDERED.

4. Also for this reason any amended complaint submitted should not include these pendent