**Brenda BIVENS, et al.**

v.

**Dana CROWELL, et al.**

**Civ. No. 90–318–S.**

United States District Court,
D. New Hampshire.

Oct. 15, 1990.

---

Susan Sard White, Concord, N.H., for plaintiffs.

Mark H. Puffer, Concord, N.H., for defendants.

## ORDER

STAHL, District Judge.

Plaintiffs challenge the Town of Belmont's program for providing general assistance to needy residents,[1] and now move for certification of a class defined as follows:

> "All applicants for and recipients of general assistance pursuant to N.H.Rev. Stat.Ann. § 165 (1989) from the Town of Belmont who request financial assistance for current living expenses and/or for utility or shelter arrearages and whose applications are unlawfully denied in whole or in part."

■ Certification of a class is appropriate if the prerequisites enumerated in Rule 23(a), Fed.R.Civ.P., are met, and if the action falls within one of the categories set forth in Rule 23(b). The party seeking certification has the burden of establishing that the standards identified in Rule 23 have been met. *Lamphere v. Brown University*, 553 F.2d 714, 715 (1st Cir.1977); *Bass v. Boston Five Cent Sav. Bank*, 478 F.Supp. 741, 745 (D.Mass.1979). As explained below, plaintiffs here have not carried this burden.

Rule 23(a) states:

> *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*1. Numerosity*

■ The numerosity provision of Rule 23(a)(1) requires examination of the specific facts of each case, and imposes no absolute limitations. *General Tel. Co of the Northwest v. E.E.O.C.*, 446 U.S. 318, 330, 100 S.Ct. 1698, 1706, 64 L.Ed.2d 319 (1980).

> While numbers alone are not usually determinative, a very small class may not meet the numerosity requirement because joinder of all members is practicable. Joinder is considered more practicable when all members of the class are from the same geographic area. In addition, where class members can be easily identified, joinder is more likely to be practicable.

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131–132 (1st Cir.1985) (citations omitted).

The named plaintiffs in the case at bar are three applicants for general assistance from Belmont. They have alleged that at least seven other persons have been treated unlawfully as a result of the Town's refusal to pay arrearages. The addition of these seven persons would bring the total number of plaintiffs to ten. This class does not seem so numerous as to make joinder impracticable. *Cf. Monarch Asphalt Sales Co. v. Wilshire Oil Co. of Texas*, 511 F.2d 1073, 1077 (10th Cir.1975) (37 member class certification denied); *Peterson v. Albert M. Bender Co.*, 75 F.R.D. 661, 667 (N.D.Cal.1977) (35–45 member class denied). Further, each of the plaintiffs is a resident of Belmont. Moreover,

---

1. Plaintiffs claim the implementation of Belmont's general assistance program violates the Fourteenth Amendment due to Belmont's failure to administer the general assistance program in a rational and reasonable manner. Plaintiffs also claim that Belmont's policy violates N.H.Rev.Stat.Ann. Ch. 165 (1989) which provides for general assistance to citizens in need.

what these plaintiffs seek is a declaration that the Town's policy is unlawful. That declaration would be binding on the Town regardless of the number of plaintiffs named in the complaint. Therefore, the Court is not persuaded by plaintiffs' allegation that the size of the proposed class makes class certification appropriate.

*2. Common Question of Law or Fact*

Rule 23(a)(2) requires that there exist questions of law or fact common to the class. Plaintiffs' claims are predicated upon the alleged illegality of a specific town policy of Belmont. Plainly, that question of law is common to each member of the class. However, at this early stage of litigation, the Court is persuaded that the challenged town policy, if illegal, is flawed in part because it fails to recognize the individual circumstances of each applicant. As presented by the plaintiffs, this action attacks the sweeping nature of a policy that denies benefits to pay for arrearages regardless of the cause of the arrearages, or the effect such arrearages might have upon the applicant's need for assistance. Therefore, certification would cut against the very result the plaintiffs seek. *See Crosby v. Social Security Administration*, 796 F.2d 576 (1st Cir.1986). (class action inappropriate where administrative standard depends upon context of individual case); *Metcalf v. Edelman*, 64 F.R.D. 407, 409–10 (N.D.Ill.1974) (no common issue of law when separate adjudications are necessary to determine if plaintiff is entitled to benefits).

### CONCLUSION

For the reasons stated above, the Court finds that plaintiffs' request for class certification does not satisfy either the numerosity requirement of Rule 23(a)(1), or the commonality requirement of Rule 23(a)(2). Accordingly, plaintiffs' motion (document no. 6) is denied.

SO ORDERED.