## IN RE: ARKANSAS RULES of CIVIL PROCEDURE; ADMINISTRATIVE ORDER NUMBER 18; RULES of APPELLATE PROCEDURE – CIVIL; and RULES of THE SUPREME COURT and COURT of APPEALS

Supreme Court of Arkansas
Opinion delivered May 25, 2006

PER CURIAM. On March 2, 2006, we published for comment the Arkansas Supreme Court Committee on Civil Practice's proposals for changes in the Arkansas Rules of Civil Procedure, Rules of Appellate Procedure — Civil, and Administrative Order Number 18. On June 23, 2005, we published for comment a proposed change to Rule 6-7 of the Rules of the Supreme Court and Court of Appeals. We thank everyone who reviewed the proposals.

The court accepts, with minor changes, the committee's recommendations. We adopt the following amendments to be effective immediately and republish the Rules and Reporter's Notes as set out below.

We encourage all judges and lawyers to review this *per curiam* in order to familiarize themselves with the changes to the rules. We draw particular attention to the following changes in the Rules of Civil Procedure:

- Rule 4 (i) sets a deadline for the entry of the order to extend the time in which to obtain service of the summons.

- Rule 23, governing class actions, has been substantially revised to incorporate recentamendments to Federal Rule of Civil Procedure 23 and the court's holdings in recent decisions, as well as current Arkansas practice.

- Rules 26 and 37, governing discovery, now impose an affirmative duty to supplement responses to discovery.

- Rule 56, governing summary-judgment practice, has been amended, especially with regard to the timing of motions for summary judgment, the related briefing, and any hearing on such motions.

Administrative Order Number 18, governing district courts, has been

amended to provide for small claims magistrates, special judges, and clarification that the jurisdictional amount is exclusive of costs, interest, and attorney's fees.

The court again expresses its gratitude to the members of our Civil Practice Committee for the Committee's diligence in performing the important task of keeping our civil rules current, efficient, and fair.

## A. ARKANSAS RULES OF CIVIL PROCEDURE

1. Subdivisions (d)(4) and (i) of Rule 4 are amended to read as follows:

(d)(4) Where the defendant is incarcerated in any jail, penitentiary, or other correctional facility in this state, service must be upon the administrator of the institution, who shall deliver a copy of the summons and complaint to the defendant. A copy of the summons and complaint shall also be sent to the defendant by first class mail and marked as "legal mail" and, unless the court otherwise directs, to the defendant's spouse, if any.

. . .

(i) *Time Limit for Service.* If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. The order granting any such extension, however, must be entered within 30 days after the motion to extend is filed, or by the end of the 120-day period, whichever date is later. If service is made by mail pursuant to this rule, service shall be deemed to have been made for the purpose of this provision as of the date on which the process was accepted or refused. This paragraph shall not apply to service in a foreign country pursuant to Rule 4(e) or to complaints filed against unknown tortfeasors.

The Reporter's Notes accompanying Rule 4 are amended by adding the following:

**Addition to Reporter's Note, 2006 Amendment:** Rule 4(d)(4) has been amended to delete the untoward reference to the "keeper" of a jail, penitentiary, or other correctional facility. The term "administrator" has been substituted for "superintendent."

Rule 4(i), which governs the time limit for service, has been amended to set a reasonable deadline for getting an order entered on a motion to extend time for service. In *Edwards v. Sazabo Foods*, 317 Ark. 369, 877 S.W.2d 932 (1994), the supreme court rejected an effort to require that both the motion for extension of time to serve and the order granting that motion must be filed within the 120-day period. This amendment leaves *Edwards* intact. To encourage prompt service, and discourage filing a motion to extend but not securing an order promptly, the amendment sets a deadline for the entry of that order: thirty days after the motion is filed, or the end of the 120-day period, whichever date is later. The alternative deadlines eliminate the possibility that an early motion for extension will inadvertently reduce the time allowed for extending the time for service.

2. Subdivisions (a), (b), (c), (d), and (e) of Rule 23 are amended to read as follows:

*(a) Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.

*(b) Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. At an early practicable time after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. For purposes of this subdivision, "practicable" means reasonably capable of being accomplished. An order under this section may be altered or amended at any time before the court enters final judgment. An order certifying a class action must define the class and the class claims, issues, or defenses.

*(c) Notice.* (1) In any class action in which monetary relief is sought, including actions for damages and restitution, the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

(2) The notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues, or defenses,
- that a class member may enter an appearance and participate in person or through counsel if the member so desires,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members.

(3) In any class action in which no monetary relief is sought, the court may require any notice it deems appropriate in the circumstances.

(4) The cost of any notice shall be borne by the representative parties; provided, however, that the court may shift all or part of the cost to the opposing party or parties if the case is settled or the class representative substantially prevails on the merits.

*(d) Orders in Conduct of Actions.* In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of the members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise come into the action; (3) imposing conditions on the representative parties or on intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dividing the class into subclasses, treating each subclass as a

class, and construing and applying the provisions of this rule accordingly; and (6) dealing with similar procedural matters. The orders may be combined with an order under Rule 16 and may be altered or amended from time to time as may be desirable.

*(e) Dismissal or Compromise.* (1) The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class. The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise. The court may approve any such resolution that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

(2) The parties seeking approval of a settlement, voluntary dismissal, or compromise must file a statement identifying any agreement made in connection with the proposed settlement, voluntary dismissal, or compromise.

(3) The court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(4) Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval. An objection may be withdrawn only with the court's approval.

The Reporter's Notes accompanying Rule 23 are amended by adding the following:

**Addition to Reporter's Note, 2006 Amendment:** All parts of the Rule have been revised. Many of these changes echo recent amendments to Federal Rule of Civil Procedure 23, while others incorporate the holding of recent Arkansas decisions and current Arkansas practice. With a few exceptions, the changes are technical and do not change Arkansas law.

Another prerequisite — the adequacy of class counsel — has been added to subdivision (a). This addition conforms the Rule to Arkansas law. *E.g., Mega Life & Health Insurance Co. v. Jacola*, 330 Ark. 261, 275, 975 S.W.2d 898, 904 (1997). Relevant factors for the circuit court's evaluation of class counsel include: counsel's work identifying and investigating potential claims, counsel's experience in handling class actions, complex litigation, and claims of the type asserted; counsel's knowledge of the applicable law; and

the resources counsel will commit to representing the class. See generally, Federal Rule of Civil Procedure 23(g). Unless a showing is made to the contrary, however, Arkansas law presumes that the class representative's counsel "will vigorously and competently pursue the litigation." *USA Check Cashers of Little Rock, Inc. v. Island*, 349 Ark. 71, 80, 76 S.W.3d 243, 247 (2002).

Subdivision (b) on the timing of the circuit court's certification decision has been amended. The former rule required a certification decision as soon as practicable after the lawsuit commenced. That requirement, however, neither captured the prevailing practice nor recognized the good reasons for delaying the certification decision, such as the need for limited discovery on the Rule 23(a) prerequisites. The revised Rule requires a decision on certification at an early practicable time, which is the current standard in the federal Rule. That standard gives the circuit court and the parties some flexibility, while leaving intact the settled Arkansas law that the court may not inquire into the merits at the certification stage. *E.g., Speights v. Stewart Title Guaranty Co., Inc.*, ___ Ark. ___, ___, ___ S.W.3d ___, ___ 2004 WL 1354279 (30 September 2004) (Supplemental Opinion Denying Rehearing).

The amendment deletes the phrase "may be conditional" from the part of subdivision (b) authorizing the circuit court to alter or amend a certification order. The deleted phrase is superfluous; the Arkansas cases on point have emphasized the circuit court's power to reconsider, affirm, alter, modify, or withdraw certification. *E.g., Fraley v. Williams Ford Tractor and Equipment Co.*, 339 Ark. 322, 347, 5 S.W.3d 423, 438-39 (1999). All of these actions spring from the power to alter or amend a certification order. This change brings the Arkansas Rule back into conformity with the federal Rule.

The amendment also replaces the phrase "before the decision on the merits" in subdivision (b) with the phrase "at any time before the court enters final judgment." This change follows an amendment to the federal Rule; it better reflects the duration of the circuit court's authority to modify its certification decision; and it should give the circuit court greater flexibility to deal with developments late in the litigation but before final judgment.

A new sentence has been added to the end of subdivision (b). As the cases make plain, the certification order must define the class in sufficiently definite terms so that the court and the parties

may identify the class members. *E.g., Ferguson v. Kroger*, 343 Ark. 627, 631-32, 37 S.W.3d 590, 593 (2001). Identifying the claims, issues, and defenses will likewise help in identifying class members and expedite the resolution of the litigation. The amendment tracks existing Arkansas law and the federal Rule. This amendment does not alter the precedent holding that the circuit court is not required to perform a rigorous analysis of the case at the certification stage. *E.g., THE/FRE, Inc. v. Martin*, 349 Ark. 507, 514, 78 S.W.3d 723, 727 (2002). But the circuit court must "undertake enough of an analysis to enable [the appellate court] to conduct a meaningful review." *See Lenders Title Co. v. Chandler*, 353 Ark. 339, 349, 107 S.W.3d 157, 162 (2003).

Subdivision (c) on notice has been rewritten and divided into subparts. The changes specify the contents of the notice in clearer terms, make a plain-statement requirement for the notice explicit, and bring the Arkansas Rule in line with the comparable federal Rule. A provision explicitly authorizing the circuit court to require notice in class actions where no monetary relief is sought has also been added. All these revisions are technical and do not change Arkansas law.

A new sentence (5) has been added to subdivision (d) to recognize the circuit court's authority to create subclasses. The Arkansas cases have assumed this authority, and implicitly approved it, for almost twenty years. *E.g., Int'l Union of Ethical, Radio and Machine Workers v. Hudson*, 295 Ark. 107, 117, 747 S.W.2d 81, 86-87 (1988); *State Farm Fire & Casualty Co. v. Ledbetter*, 355 Ark. 28, 35-36, 1295 S.W.3d 815, 820-21 (2003). The federal Rule authorizes subclasses, which are often useful. This change conforms the Rule to current Arkansas practice. Former sentence (5) has been renumbered as (6).

Subdivision (e) about dismissal and compromise has been rewritten. With some exceptions, the revised Rule restates Arkansas law in the clearer terms of Federal Rule of Civil Procedure 23(e) and incorporates current Arkansas practice. For example, proposed settlements are evaluated now for fairness, reasonableness, and adequacy. *Ballard v. Martin*, 349 Ark. 564, 79 S.W.3d 838 (2002). Subdivision (1) also requires the circuit court to hold a fairness hearing before approving any proposed settlement. This is a new requirement, though fairness hearings are routine in most class actions. Subdivision (2) requires the parties seeking approval of any settlement to file a statement identifying side agreements. This new requirement will promote fairness in settlements and

mirrors the federal Rule. Subdivision (3) gives the circuit court discretion to open a second opt-out window if the circumstances justify it. The federal Rule contains this option, and it merely recognizes the circuit court's power to fashion all appropriate relief as part of approving any proposed settlement. Finally, subdivision (4) requires court approval before an objection may be withdrawn. Objections often can, and should be, resolved by the parties. This new requirement, also drawn from the federal Rule, will help the circuit court insure the fairness of those resolutions in light of the overall proposed settlement of the litigation.

3. Subdivision (e) of Rule 26 is amended to read as follows:

*(e) Supplementation of Responses.* (1) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. This duty includes, but is not limited to, supplying supplemental information about the identity and location of persons having knowledge of discoverable matters, the identity and location of each person expected to be called as a witness at trial, and the subject matter and substance of any expert witness's testimony.

*(2)* An additional duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.

The Reporter's Notes accompanying Rule 26 are amended by adding the following:

**Addition to Reporter's Notes, 2006 Amendment:** Subdivision (e) has been amended. The amendment strengthens a party's duty to supplement discovery responses with additional or corrected information received after the party's original response. Introductory language stating a general no-duty-to-supplement rule with exceptions has been eliminated. Former subdivisions (e)(1) and (e)(2) have been combined: there is one duty to amend, and amended responses containing supplemental information are one kind of amendment. Former subdivision (e)(3) has been renumbered as new (e)(2) and clarified. The circuit court or the parties may expand the Rule 26(e) duty to supplement. New subdivision (e) in Arkansas Rule of Civil Procedure 37 contains a companion change: if a party fails to supple-

ment discovery responses seasonably, and prejudice results, then the prejudiced party may move for any appropriate sanction from the circuit court.

4. Subdivisions (e) and (f) of Rule 37 are amended to read as follows:

*(e) Failure to Supplement Responses.* If a party fails to supplement responses seasonably as required by Rule 26(e), and another party suffers prejudice, then upon motion of the prejudiced party made before or at trial, the court may make any order which justice requires to protect the moving party, including but not limited to imposing any sanction allowed by subdivision (b)(2)(A)-(C) of this rule.

(f) Expenses Against State. Except to the extent permitted by statute, expenses and fees may not be awarded against the state of Arkansas under this rule.

The Reporter's Notes accompanying Rule 37 are amended by adding the following:

**Addition to Reporter's Notes, 2006 Amendment:** The Rule has been amended by adding a new subdivision (e) and renumbering former subdivision (e) as (f). New subdivision (e) draws on the principles embodied in the 2000 amendment to Federal Rule of Civil Procedure 37, but establishes a different rule. Under this new Arkansas Rule, when a party fails to supplement discovery responses seasonably with new information, and prejudice results, then the prejudiced party may move the circuit court for relief. New subdivision (e) gives the circuit court wide discretion, including imposing any sanction allowed by Arkansas Rule of Civil Procedure 37, in handling any failure to supplement. This new provision works in tandem with the companion change in Arkansas Rule of Civil Procedure 26(e) to strengthen every party's duty to supplement discovery responses promptly.

5. Subdivisions (a), (b), and (c) of Rule 56 are amended to read as follows:

*(a) For Claimant.* A party seeking to recover upon a claim, counter-claim, or cross-claim or to obtain a declaratory judgment may, after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment

in his favor upon all or any part thereof. Absent leave of court for good cause shown, the party must file any such motion no later than 45 days before any scheduled trial date.

*(b) For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. Absent leave of court for good cause shown, the party must file any such motion no later than 45 days before any scheduled trial date.

*(c) Motion and Proceedings Thereon.*

(1) The motion shall specify the issue or issues on which summary judgment is sought and may be supported by pleadings, depositions, answers to interrogatories and admissions on file, and affidavits. The adverse party shall serve a response and supporting materials, if any, within 21 days after the motion is served. The moving party may serve a reply and supporting materials within 14 days after the response is served. For good cause shown, the court may by order reduce or enlarge the foregoing time periods. No party shall submit supplemental supporting materials after the time for serving a reply, unless the court orders otherwise. The court, on its own motion or at the request of a party, may hold a hearing on the motion not less than 7 days after the time for serving a reply. For good cause shown, the court may by order reduce the foregoing time period.

The Reporter's Notes accompanying Rule 56 are amended by adding the following:

**Addition to Reporter's Notes, 2006 Amendment:** Several parts of Rule 56 governing the timing of motions for summary judgment, the related briefing, and the hearing have been amended. These changes continue the effort to refine the Rule by making summary-judgment practice more fair, predictable, and efficient.

The amendments to subdivisions (a) and (b) eliminate a party's right to seek summary judgment at any time. Instead, absent good cause, a party must move at least 45 days before any scheduled trial date. This deadline allows for full briefing and a hearing on the motion before trial, which should promote more efficient use of judicial resources. In addition, it prevents a party from using a late motion for summary judgment as a stealth motion for continuance.

Subdivision (c)(1) has been amended to allow the circuit court to reduce the time periods for responses and replies. Under the former Rule, the court could only enlarge the time periods. Both reductions and enlargements must now be justified by a showing of good cause. Finally, the presumptive period between the due date for any reply and any hearing has been shortened from 14 to 7 days. This change accommodates the pre-trial deadline for filing the motion, while giving the non-moving party adequate time to prepare for the hearing in light of any reply. Revised subdivision (c)(1) also allows the circuit court to shorten the seven-day period for good cause, for example, scheduling difficulties.

## B. ADMINISTRATIVE ORDER NUMBER 18

6. Subdivisions (3), (6), and (7) of Administrative Order Number 18 are amended to read as follows:

*3. Civil Jurisdiction.* The district court shall have original jurisdiction within its territorial jurisdiction over the following civil matters:

(a) Exclusive of the circuit court in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars ($100), excluding interest, costs, and attorney's fees;

(b) Concurrent with the circuit court in matters of contract where the amount in controversy does not exceed the sum of five thousand dollars ($5,000), excluding interest, costs, and attorneys' fees;

(c) Concurrent with the circuit court in actions for the recovery of personal property where the value of the property does not exceed the sum of five thousand dollars ($5,000); and

(d) Concurrent with the circuit court in matters of damage to personal property where the amount in controversy does not exceed the sum of five thousand dollars ($5,000), excluding interest and costs.

. . .

*6. Small Claims Magistrate.*

(a) At the request of the majority of the district judges of a district court, with the concurrence of a majority of the circuit court judges of a judicial circuit, the Administrative Judge of the judicial circuit may designate one or more licensed attorney(s) to serve as a Small Claims Magistrate to preside over the Small Claims Division of the

district court. A Small Claims Magistrate shall be deemed the "judge" as that term is used in Rule 10 of the District Court Rules. A Small Claims Magistrate shall be subject to the superintending control of the district judges of the district court.

(b) A Small Claims Magistrate shall possess the same qualifications as a district court judge. The appointment shall be in writing and filed with the District Court Clerk.

7. *Special Judges.*

Special district judges shall be appointed or elected in accordance with Administrative Order Number 1 and A.C.A. § 16-17-210. A special district judge shall have the same qualifications, powers, and authority as a regular district judge.

The Court Notes accompanying Administrative Order Number 18 are amended by adding the following:

**Court Notes, 2006:**

New section 6 on small claim magistrates and new section 7 on special judges have been added. A special district judge shall be appointed or elected in the same manner as a special circuit judge. Section 3 has been amended to clarify that the jurisdictional amounts in contract cases are exclusive of costs and attorney's fees, as well as interest. In cases involving personal property, the jurisdictional amount is exclusive of interest and costs only because an award of attorney's fees will not be available.

## C. ARKANSAS RULES OF APPELLATE PROCEDURE – CIVIL

7. Subdivision (b)(3) of Rule 4 is amended to read as follows:

(3) Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought, a showing of diligence by counsel, and a determination that no party would be prejudiced, the circuit court shall, upon motion filed within 180 days of entry of the judgment, decree, or order, extend the time for filing the notice of appeal for a period of fourteen (14) days from the day of entry of the extension order. Notice of any such motion shall be given to all other parties in accordance with Rule 5 of the Arkansas Rules of Civil Procedure. Expiration of the 180-day period specified in this paragraph does not limit the circuit court's power to act pursuant to Rule 60 of Arkansas Rules of Civil Procedure.

The Reporter's Notes accompanying Rule 4 are amended by adding the following:

**Addition to Reporter's Notes, 2006 Amendment:** Subdivision (b)(3) has been amended to reflect the holding in *Arkco Corp. v. Askew*, 360 Ark. 222, 200 S.W.3d 444 (2004). In addition to satisfying the Rule's other conditions, the party seeking to reopen the time to file a notice of appeal must demonstrate diligence by the party's counsel in attempting to find out if the circuit court had entered the judgment, decree, or order from which appeal is sought.

8. Subdivision (b)(3) of Rule 5 has been amended to read as follows:

(3) If the appellant has obtained the maximum seven-month extension available from the circuit court, or demonstrates (by affidavit or otherwise) an inability to obtain entry of an order of extension, then before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

The Reporter's Notes accompanying Rule 5 are amended by adding the following:

**Addition to Reporter's Notes, 2006 Amendment:** Rule 5(b)(3) has been revised to embody the holding of *Coggins v. Coggins*, 353 Ark. 431, 108 S.W.3d 588 (2003) (*per curiam*). Before the supreme court will accept a partial record and entertain a petition for a writ of certiorari to complete the record, the appellant must exhaust all extensions available from the circuit court or show that no extension could be obtained. In the latter situation, the appellant must demonstrate that, notwithstanding a good faith effort to get the record prepared on time and secure all available extensions of the record due date from the circuit court, the appellant was unable to get an extension order entered. The appellant should make this showing with references to the partial record filed with the supreme court and, if necessary, an affidavit describing the circumstances.

## D. RULES OF THE SUPREME COURT AND COURT OF APPEALS

9. Subdivision (b) of Rule 6-7 has been amended, and the rule reads as follows:

## Rule 6-7. Taxation of costs.

(a) *Affirmance.* The appellee may recover brief costs not to exceed $3.00 per page; total costs not to exceed $500.00.

(b) *Reversal.* The appellant may recover (1) brief costs not to exceed $3.00 per page with total costs of the brief not to exceed $500.00, (2) the filing fee of $100.00, (3) the circuit clerk's costs of preparing the record, and (4) the court reporter's cost of preparing the transcript.

(c) *Affirmed in part and reversed in part.* The Court may assess appeal costs according to the merits of the case.

(d) *Imposing or withholding costs.* Whether the case be affirmed or reversed, the Court will impose or withhold costs in accordance with Rule 4-2(b).