JOSEPHINE LINKER HART, Associate Justice hi respectfully dissent. The circuit court erred by certifying the class in this case because the appellees failed to satisfy the commonality and superiority requirements under the Arkansas Deceptive Trade Practices Act. A private cause of action may only be brought by individuals who have sustained “actual damages.” The “actual damages” requirement, as codified at Arkansas Code Annotated section 4-88-113(f) leaves unsatisfied the commonality and superiority requirements of Rule 23 of the Arkansas Rules of Civil Procedure. I would also deny certification of this class because it is not ascertainable. The circuit court certified the class as “All persons who purchased Defendants’ Marlboro Light [and Marlboro Ultra Light] cigarettes in Arkansas for personal consumption from November 1, 1971, through June 22, 2010.” The appellees’ theory of the case was that anyone who purchased the Light cigarettes was misled by Philip Morris’s marketing that Light cigarettes delivered less tar and nicotine, which it knew would be interpreted as being 12a healthier or safer cigarette. The design of the cigarette, it is alleged, contributed to “compensating,” i.e., using a light cigarette in a way that was more dangerous — holding the cigarette to cover the air holes in the filter, inducing the smoker to smoke more cigarettes, or causing the smoker to inhale more deeply. However, even the appellees’ experts conceded that ninety percent of smokers did not fully compensate and not every purchaser bought “Lights” because he or she believed it was a “healthier” cigarette. These facts are fundamental to the case. The Arkansas Deceptive Trade Practices Act is an extraordinarily broad piece of consumer-protection legislation. It provides for both criminal enforcement[1] and civil enforcement.[2] However, most of the act is directed to the Attorney General. While it does authorize a private cause of action, that right is very restricted. Arkansas Code Annotated section 4 — 88—113(f) provides: “Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney’s fees.” It is worth emphasizing that while the Attorney General may enjoin deceptive activity and seek restitution on behalf of the | ¡¡people of Arkansas without identifying specific individuals who have been harmed or might potentially be harmed, the private cause of action requires “actual damages.” A Person who has not sustained “actual damages” simply cannot bring a private lawsuit under the Arkansas Deceptive Trade Practices Act. Ark. Code Ann. 4 — 88—113(f). Accordingly, that person should not be made an unnamed plaintiff in a class action. I agree with Philip Morris’s assertion that the proposed class is manifestly unsuitable for class-wide adjudication because the core elements of the Arkansas Deceptive Trade Practices Act claim are that (1) Philip Morris misrepresented that Lights deliver lower tar and nicotine in a way “likely to deceive” a reasonable consumer, and (2) the misrepresentation caused plaintiffs (3) to suffer “actual damage or injury.” Philip Morns contends that “[a]ny representation that Lights were lower in tar or nicotine was not false as to class members who smoked Lights in ways that actually delivered lower tar and nicotine.” In those instances, the consumers got exactly what they were seeking. Furthermore, these representations did not apply to those individuals who did not believe the alleged misrepresentations and thus did not rely on the alleged misrepresentation and purchased Lights for reasons other than lower tar and nicotine, such as taste. Philip Morris argues that injury could be shown “only if the purchasers did not receive less tar and nicotine and they would have spent less money on cigarettes in the absence of the alleged misrepresentation. Actual damages would depend on each class member’s smoking habits, beliefs, and purchasing history. Obviously, a class member has suffered no “actual damages” if he or she bought Lights because of the taste, peer pressure, or for reasons other than he or |4she believed that it was a “healthier” cigarette. I also agree with Philip Morris that the necessity of determining the individual smoking habits, particularly with regard to whether a class member has sustained actual damages also defeats the superiority requirement of Rule 23. Neither side disputes that “minitrials” would be required to determine actual damages. Because the class is not ascertainable, no one can predict how many of these minitrials will be necessary, although it will be at least several thousand because Philip Morris expressed its intention to assert its due-process right to rebut each element of plaintiffs’ claims. Accordingly, the circuit court’s finding that superiority was satisfied because it would not be “cost effective” for each putative class member to file separate lawsuits,” is clearly wrong because each class member would end up in that position anyway. Furthermore, I cannot ignore that Arkansas Code Annotated section 4 — 88—113(f) states that in private enforcement actions, reasonable attorney’s fees would be awarded, so an individual private plaintiff would not incur the cost of paying for representation. The circuit court also erred in certifying the class because it is not ascertainable. The majority echoes the appellees’ contention that ascertainability is somehow entitled to lesser consideration because it is not a textual requirement in Rule 23 and, as counsel for the appellees disdainfully described it, “only judicially created.” I contend that however this requirement was engendered, be it through a rule of civil procedure promulgated by this court or from one of our judicial opinion, ascer-tainability is entitled to equal dignity. Philip Morris argues that this case is analogous to Ferguson v. Kroger Co., 343 Ark. 627, 37 S.W.3d 590 (2001), where this court affirmed a denial of class certification because it was virtually impossible to identify class members and thus impossible to define the class. In Kroger, the cause of action alleged that consumers were misled by Kroger’s double-coupon promotion because Kroger advertised to the general public that it would double the value of a manufacturer’s coupon on particular days, but Kroger discounted the amount of state sales tax against the enhanced coupon value with the net result being that customers received the double-coupon value less the sales tax on the enhanced value, which was remitted to the applicable state revenue department by Kroger. This court stated: We acknowledge at the outset that defining the class size is not a specified prerequisite to class certification under Rule 23. But that alone does not decide the issue. This court has held that the exact number of a class need not be proved as a prerequisite for class certification. See Mega Life & Health Ins. Co. v. Jacola, supra; Cheqnet Systems, Inc. v. Montgomery, 322 Ark. 742, 911 S.W.2d 956 (1995); see also I Newberg on Class Actions, § 3.05 (3d ed.1992). But at the same time, we subscribe to the recognized principle that in order for a class to be certified, a class must exist and that this is implicit in Rule 23. The treatise, Moore’s Federal Practice, states the proposition succinctly and the reasoning behind it: It is axiomatic that in order for a class action to be certified, a class must exist. The definition of the class to be certified must first meet a standard that is not explicit in the text of Rule 23, that the class be susceptible to precise definition. This is to ensure that the class is neither “amorphous,” nor “imprecise.” Thus, before a class can be certified under Rule 23, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. Furthermore, for a class to be sufficiently defined, the identity of the class members must be ascertainable by reference to objective criteria. 5 Jeremy C. Moore, Moore’s Federal Practice § 23.2(1) (Matthew Bender 3d ed. 1997). A second distinguished treatise echoes these principles that class identity must be feasible and that the class cannot be excessively broad or amorphous. 7A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 1760 (2d ed. 1986); see also Adashunas v. Negley, 626 F.2d 600 (7th Cir. 1980) | ^(proposed class of all children with learning disabilities too difficult to identify and not adequately defined); Intratex Gas Co. v. Beeson, 22 S.W.3d 398 (Tex. 2000); Hamilton v. Ohio Savings Bank, 82 Ohio St.3d 67, 694 N.E.2d 442 (1998). Clearly defining the class insures that those people who are actually harmed by the defendant’s wrongful conduct will participate in the relief ultimately awarded. See Simer v. Rios, 661 F.2d 655 (7th Cir. 1981). Ferguson, 343 Ark. at 631-32, 37 S.W.3d at 593. The case before us appears to be exactly like Kroger. As Philip Morris notes, there are' no records that would tie a specific consumer to a particular purchase. While there are obviously records of how many packs of Marlboro Light cigarettes Philip Morns sold in Arkansas, there is no way to determine how many smokers bought them, as there is no concrete data on how many packs each smoker smokes. Also, the class is defined so broadly, all purchasers of Marlboro Lights in Arkansas, as to reach even those who had no actual damage. In my view, the majority is wrong to approve of a class that cannot reasonably be ascertained, and is so broad as to include perhaps thousands of members who have sustained no actual damages and are thus not entitled to pursue a cause of action under the Arkansas Deceptive Trade Practices Act. I am mindful that this cause of action is directed against the manufacturer of cigarettes, a highly unpopular consumer good. However, this case will stand as precedent for all consumer goods. “Light” is the term that has been demonized today because it is associated with cigarettes. Should we countenance equally low standards for class certification when it comes to foods that are labeled “diet,” “all natural,” “low-fat,” or— dare I say — “light?” . “Any person who knowingly and willfully commits an unlawful practice under this chapter shall be guilty of a Class A misdemeanor.” Ark. Code Ann. § 4-88-103. . In addition to the criminal penalty imposed hereunder, the Attorney General of this state shall have authority, acting through the Consumer Counsel, to file an action in the court designated in § 4-88-112 for civil enforcement of the provisions of this chapter, including, but not limited to, the seeking of restitution and the seeking of an injunction prohibiting any person from engaging in any deceptive or unlawful practice prohibited by this chapter. Ark. Code Ann. § 4-88-104.